**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY COOPER,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:09-CV-2088-G-BH** |
| | ) | |
| **MANHEIM'S DALLAS AUTO AUCTION,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this action has been referred to the United States Magistrate Judge for screening.

**I. BACKGROUND**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e for alleged same-sex discrimination and retaliation for reporting such discrimination and under 42 U.S.C. § 1983 for alleged civil rights violations under color of state law. (Compl. at 3-5.) Plaintiff's former employer, Defendant Manheim's Dallas Auto Auction ("Defendant"), is a corporation authorized to do business in Texas. (*Id.* at 1.) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint in whole or part if the Court finds that it is frivolous or malicious, it fails to state a claim upon which relief may be granted, or it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

## A. Title VII

Plaintiff sues his former employer for alleged retaliation and same-sex discrimination. These claims are actionable under Title VII and survive summary dismissal. *See also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998) (same-sex discrimination claims are actionable).

## B. Section 1983

Section 1983 of Title 42 of the United States Code "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983 against his employer, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

When the defendant in a § 1983 action is a private entity,

2

>two avenues exist by which state action may be found. A private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state. Alternatively, state action may be found where there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state. Under this test, a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989) (citations omitted). Here, Plaintiff does not allege that his former employer performs a function which is traditionally the exclusive province of the state. Nor has he alleged a nexus between the state and the former employer's actions that would make those actions are fairly attributable to the state. Section 1983 does not reach "private conduct, no matter how discriminatory or wrongful". *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (quoting *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003)). Plaintiff has alleged insufficient facts to support a plausible § 1983 claim against his former employer, so the Court should dismiss this claim.

### III. RECOMMENDATION

Plaintiff's claim under 42 U.S.C. § 1983 should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Title VII claims should be allowed to proceed and process should issue on those claims.

**SIGNED this 7th day of December, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE